IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

THELMA FORTE, individually and as
Superintendent of the Mineral Springs
School District; MINERAL SPRINGS SCHOOL
DISTRICT BOARD OF EDUCATION, a public
body corporate; WILLIAM DIXON, MIKE
ERWIN, JAMIE JACKSON, ZEMERA NEWTON,
RAY HAWKINS, SHEILA JACKSON, and
DOROTHY VAUGHN, all individually and
in their official capacities as members of the
Mineral Springs School District Board of
Education; and MINERAL SPRINGS
SCHOOL DISTRICT                                                                                       PLAINTIFFS

v.                                      No. 2:16-cv-29-DPM

JOHNNY KEY, individually and as
Commissioner of the Arkansas Department
of Education, a state agency; ARKANSAS
DEPARTMENT OF EDUCATION, a state
agency; BOARD OF EDUCATION OF
THE ARKANSAS DEPARTMENT OF
EDUCATION, a state agency; JAY BARTH,
JOE BLACK, CHARISSE DEAN, MIREYA
REITH, R. BRETT WILLIAMSON, DIANE
ZOOK, SUSAN CHAMBERS, OUIDA
NEWTON, and O. FITZGERALD HILL, all
individually and in their official capacities;
and HEMPSTEAD COUNTY, ARKANSAS                                         DEFENDANTS

**ORDER**

**1.** This case was really two cases. The first was the Mineral Springs School District plaintiffs' challenge to the evolving Arkansas School Choice Act. The Court addressed that challenge, and concluded that all other issues had been resolved between the parties. № 34. The Court was mistaken. As was made clear in the briefing to dismiss Mineral Springs' appeal, the District's claims about how Hempstead County was handling utility-related taxes remained alive. The Court of Appeals dismissed for lack of a final order; this Court vacated its Judgment as premature; and Mineral Springs made clear that it was pursuing four claims only against Hempstead County, not any of the State defendants. № 39, 53 & 54. Discovery was done. Hempstead County asks for summary judgment, while Mineral Springs says a bench trial is needed.

All the remaining claims are about taxes flowing from the coal-fired James W. Turk power plant. Construction of this facility was controversial. *E.g., Sierra Club v. U.S. Army Corps of Engineers*, 645 F.3d 978 (8th Cir. 2011); *Hempstead County Hunting Club, Inc. v. Southwestern Electric Power Co.*, 2011 Ark. 234, 385 S.W.3d 123; *Hempstead County Hunting Club, Inc. v. Arkansas Public Service Commission*, 2010 Ark. 221, 384 S.W.3d 477. But the Turk plant was eventually built. The whole thing is in Hempstead County, though most of the real property is in the Hope School District, while the plant itself is in the Mineral Springs

District. The complaint mentions others, but the briefing makes clear that the core dispute is how the County handled the division of plant-related taxes between these two School Districts. There are four claims: actual fraud in the valuation of utilities tax assessments and division of the resulting revenue; constructive fraud by nondisclosure of correct numbers to Mineral Springs and the Arkansas Department of Education; a "hometown" equal protection violation, by treating the Hope School District (which is in Hempstead County) better than the Mineral Springs District (which is based in neighboring Howard County), U.S. CONST. amend XIV, § 1; and a violation of Hempstead County's obligation under the Arkansas Constitution to direct tax revenue only for the levied purpose. ARK. CONST. art. 16, § 11.

**2.** There's a faulty legal premise behind Mineral Springs' claims. Hempstead County isn't responsible for assessing the real and personal property of utilities such as the Turk plant. "The Arkansas Public Service Commission shall have the full power and authority in the administration of the tax laws of this state to have the exclusive power of original assessment of both real and personal property used in the operating of . . . electric power . . . or other similar companies, associations, or corporations, commonly known as utilities, doing business or owning property in this state." ARK. CODE. ANN. § 26-24-103; *see also* § 26-24-102. The Commission has a tax division that

handles these matters. ARK. CODE ANN. § 26-24-101. The Arkansas Supreme Court described the operation of this part of the Commission in *Arkansas County v. Desha County*, 342 Ark. 135, 136–37, 27 S.W.3d 379, 380–81 (2000). Hempstead County is bound by law to adopt the valuations certified by the Commission each year. ARK. CODE ANN. §§ 26-24-104 & 105. From these assessments come the bills, and from them comes the revenue, which is disbursed in due course. As to utility property like the Turk plant and related real estate, Hempstead County's role is ministerial. To the extent the assessment is an essential element of any of Mineral Springs' claims, and it is the root of several if not all, the claim fails. *St. Jude Medical, Inc. v. Lifecare International, Inc.*, 250 F.3d 587, 595 (8th Cir. 2001).

Taking the facts in the light most favorable to Mineral Springs where some genuine dispute exists, *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*), a jury could not reasonably conclude that Hempstead County shorted Mineral Springs. The County provided its records to the District. A former County Clerk, who had been much involved in this work, was deposed and questioned in detail. The County intended to provide the assessment records to the Court on a flash drive, № 69 at 7, but they were not received. Mineral Springs, though, has not offered any part of the documents in support of the alleged misevaluation and improper disbursements. And the former Clerk's testimony is unequivocal: she

double checked all the relevant records; she found no error; and the State's annual audits of the County have found no error.

There was a disbursement problem in 2013, which was discovered by the vigilant then-superintendent at Mineral Springs, and which was fixed that year. He questioned the County Clerk about how much Turk-plant-related tax revenue Mineral Springs was getting. The Clerk investigated. The Turk plant had been completed and gone online in 2012, resulting in a huge increase in tax collections starting in 2013. And the increased revenue was attributable to the now-operating plant, which is in the Mineral Springs District. By long practice, however, Hempstead County was distributing revenue based on the prior year's collections, and with a 10% hold back, which was used to tie things up at the end of each year. The 2013 spike in collections, coupled with distributions based on 2012 numbers, created a growing gap, which favored the Hope School District and disfavored the Mineral Springs District. The Hempstead County Clerk closed this gap by increasing distributions to Mineral Springs and decreasing distributions to Hope. By the end of 2013, the gap was eliminated. The Clerk also abandoned the use of last year's numbers, and a hold back, for distributions: starting in 2014, distributions were based on actual collections, month by month.

Mineral Springs had had financial difficulties for several years, and the delay in payment of utility-related tax revenues during 2013

didn't help. But the District weathered those difficulties. The collection-generated stream of tax revenue necessarily ebbs and flows during a given year. In sum, the District has not come forward with sufficient proof of any harm from the 2013 disbursement problem to meet the County's undisputed proof of prompt cure. *Bedford v. Doe*, 880 F.3d 993, 997 (8th Cir. 2018).

Mineral Springs resists this record with two points. A retired state auditor was under contract to help Hempstead County manage the settlement and distribution of tax revenue to school districts. Mineral Springs first objects to the former County Clerk testifying about what the retired auditor said. The Court sustains that hearsay objection. But this retired state auditor worked under the County Clerk's close direction, and she can testify about how all this work was done, what she directed, and the changes she made.

Mineral Springs next relies on the affidavit of its former superintendent, saying it creates factual issues for trial. The Court disagrees. The affidavit is almost three years old. It was first filed with Mineral Springs' original complaint in February 2016. The former superintendent's testimony about what happened in the summer and fall of 2013 tracks with the former County Clerk's testimony. He also believed Hempstead County had shorted Mineral Springs in prior years on so-called PILOT money—"payments in lieu of taxes." That issue, though, has faded with Hempstead County's production of

records going back to 2005 and the former County Clerk's deposition. Neither side has provided the Court with the Turk plant PILOT agreement. According to the Clerk, the one attached to the complaint, and cited by the former superintendent, was actually for another facility. Perhaps all this creates some metaphysical doubt about past years' payments, but that sort of vague uncertainty is not enough to prevent summary judgment. *Bedford*, 880 F.3d at 997. In any event, it is now undisputed that PILOT revenue and disbursements were based on the assessed value of real property. And, circling back to the starting point, that assessment for the Turk plant's realty was made by the Arkansas Public Service Commission, not Hempstead County. ARK. CODE ANN. § 26-24-103.

What about Mineral Springs' claim that Hempstead County didn't accurately report tax-related information to the District or the Arkansas Department of Education? The former County Clerk testified that she did, and she pointed to the forms she completed each year. Here again, Mineral Springs hasn't met this proof with any countervailing proof. *Bedford*, 880 F.3d at 997. Plus the district's former superintendent candidly noted that County officials across several offices had cooperated with his inquiry about the 2013 disbursements.

\* \* \*

No reasonable jury could find fraud, actual or constructive, on this record. There was no unequal treatment. Tax revenue didn't flow

to the wrong district for the wrong purpose. Neither the federal nor state Constitution was violated. Mineral Springs has gotten all the tax revenue to which it was entitled from the Turk Plant, albeit with the stumble for several months in 2013, which Mineral Springs commendably caught and made sure Hempstead County immediately righted that year. The third amended complaint will be dismissed with prejudice.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 February 2019